IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAROLD MARK TORBETT (A.K.A. MARK TORBETT) and REGINA TORBETT, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF OGDEN, OGDEN CITY POLICE DEPARTMENT, CODY MARSH, Z. MARTIN, T. WILLIAMS <br><br> Defendants. | **AMENDED SCHEDULING ORDER** <br><br> Case No. 1:16-cv-00044-BSJ <br><br> District Judge: Hon. Bruce S. Jenkins |

The COURT, having found good cause as set forth in the parties' Stipulated Motion to Amend Scheduling Order, hereby grants the Parties' Motion and adopts the following as the new or amended scheduling order in this matter:

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

1.   **PRELIMINARY MATTERS**                                                              **DATE**

Nature of claims and any affirmative defenses: Plaintiff has alleged claims under 42 U.S.C. §1983, and related State Constitutional, intentional tort, and common law claims.

Defendants have alleged the following affirmative defenses: Plaintiffs failed to state a claim upon which relief can be granted; this Court lacks subject matter jurisdiction; defendants are immune; defendants' actions were justified; Defendants are not liable under 42 U.S.C. §1983 based on *respondeant superior* or any other theory of derivative liability; Plaintiffs claims are not the result of deliberately indifferent hiring, supervisory or training policy; Defendants are entitled to Sovereign Immunity, Qualified Immunity, and Governmental Immunity; Defendants are absolutely immune from any claims;

|   |   |   |
|---|---|---|
| | Defendants' potential liability for state law claims is limited by Utah statute; Defendants did not act or fail to act through fraud or willful misconduct; any injury or damages sustained by Plaintiff were caused or contributed to by Plaintiff; Any injury or damage to Plaintiff sustained was caused by third parties; Plaintiffs failed to mitigate their damages; Plaintiff's claims for punitive damages are barred; Plaintiffs failed to file a proper and timely notice of claim; Plaintiffs claims are barred by the statute of limitations; Plaintiffs fail to establish a connection between constitutional deprivations and any policy or custom of the Defendants; Plaintiff's claims are barred by the doctrine of *in pari delicto*; Plaintiff's claims against individuals are barred by statute. | |
| a. | Was Rule 26(f)(1) Conference held? | **05/05/16** |
| b. | Have the parties submitted the Attorney Planning Meeting Form? | **05/12/16** |
| c. | Deadline for 26(a)(1) initial disclosure? | **06/10/16** |

| 2. | **DISCOVERY LIMITATIONS** | | **NUMBER** |
|---|---|---|---|
| | a. | Maximum Number of Depositions by Plaintiff(s) | <u>10</u> |
| | b. | Maximum Number of Depositions by Defendant(s) | <u>10</u> |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | <u>7</u> |
| | d. | Maximum Interrogatories by each side | <u>25</u> |
| | e. | Maximum requests for admissions by each side | <u>20</u> |
| | f. | Maximum requests for production by each side | <u>30</u> |
| | g. | The Parties shall handle discovery of electronically stored information as follows: Parties will make best efforts to preserve any known electronically stored information, which shall be provided or made available for inspection as may be required by Rule 26, and/or which is responsive to written discovery requests. The Parties are not aware of any issues at this time. | |
| | h. | The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: Per standard court form agreement. | |

|     |     |                                                                              |             |
| --- | --- | ---------------------------------------------------------------------------- | ----------- |
|     | i.  | Last day to serve written discovery:                                         | *08/03/17*  |
|     | j.  | Close of fact discovery:                                                     | *08/31/17*  |
| 3.  |     | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1]                                 | **DATE**    |
|     | a.  | Last Day to File Motion to Amend Pleadings                                   | *09/30/16*  |
|     | b.  | Last Day to File Motion to Add Parties                                       | *09/30/16*  |
| 4.  |     | **RULE 26(a)(2) REPORTS FROM EXPERTS**                                       | **DATE**    |
|     | a.  | Parties bearing burden of proof                                              | *11/01/16*  |
|     | b.  | Counter reports                                                              | *12/01/16*  |
|     | c.  | Defendants' Injury/Damages Reports, if any.                                  | *09/30/17*  |
|     | d.  | Plaintiffs' Injury/Damages Rebuttal Reports, if any.                         | *010/31/17* |
| 5.  |     | **OTHER DEADLINES**                                                          | **DATE**    |
|     | a.  | Last day for Expert discovery                                                | *012/15/17* |
|     | b.  | Deadline for filing dispositive or potentially dispositive motions           | *012/31/17* |
|     | c.  | Deadline for filing partial or complete motions to exclude expert testimony  | ***Within 30 days from ruling on last Dispositive Motion*** |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

| | | | | |
|---|---|---|---|---|
| 6. | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| | a. | Referral to Court-Annexed Mediation: | | _No_ |
| | b. | Referral to Court-Annexed Arbitration | | _No_ |
| | c. | The parties will complete Private Mediation/Arbitration by: | | _NA_ |
| | d. | Evaluate case for Settlement/ADR on | | *012/15/17* |
| | e. | Settlement probability: Poor at this time. | | |

| | | | | |
|---|---|---|---|---|
| 7. | | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** | **DATE** |
| | a. | Rule 26(a)(3) Pretrial Disclosures[2] | | |
| | | Plaintiff | | |
| | | Defendant | | |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | ***Per Rule 26(a)(3)*** |
| | c. | At the time of argument on motions for summary judgment, the Court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 3rd quarter of 2017. *[crossed out]* | | |
| | d. | **Final Pretrial Conference** | | **10:00 a.m. 3/2/18** |
| | | **Proposed Pretrial Order due to chambers** | | **2/28/18** |

8.     **OTHER MATTERS**
Parties should file all Motions in Limine well in advance of the Final Pre Trial.

---

[2] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

Signed April 18, 2017.

BY THE COURT:

_____
Bruce S. Jenkins
U.S. District Judge

Approved as to form:

    /s/ Stephen F. Noel
Stephen F. Noel
Attorney for Defendants


    /s/ M. Tanner Claggett
M. Tanner Claggett
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that, pursuant to Local Rule DUCivR 54-1, I transmitted a true and correct copy of the foregoing Scheduling Order via electronic mail on the 14th day of April, 2017, to:

M. Tanner Claggett
HEPWORTH MURRAY & ASSOCIATES
140 South Main Street
Bountiful, UT 84010
jennifer@hepworthmurray.com

/s/ Shannon Hoopes